

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWARD HALVERSON,                )
    #1030045                        )
                        )
        Plaintiff,              )        2:10-cv-01132-PMP-LRL
                        )
vs.                       )
                        )        **ORDER**
HOWARD SKOLNIK, *et al.*,        )
                        )
        Defendants.              )
_____/

           On July 9, 2010, plaintiff filed a document styled "Emergency Medical Civil Rights Complaint" (docket #1). Plaintiff set forth the following allegations, among others: (2) on or about late June 2010, Southern Desert Correctional Center ("SDCC") medical personnel began issuing different syringes for use by diabetic inmates that were non-blister-packaged, non-single-use syringes; (2) such syringes were used after their expiration date of February 2010; and (3) inmates may be or may have been issued re-used syringes. The court noted that it had not yet screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Prisoner Litigation Reform Act (PLRA), for sufficiency, including as to defendants. However, in light of the apparent urgency demonstrated by the alleged risk of irreparable harm, the court indicated that it would treat the complaint as an emergency motion for temporary

1   restraining order, and defendants were directed to respond to the substantive allegations set forth above

2   only.

3          Defendants filed their response on August 4, 2010 (docket #9).  With respect to the

4   substantive allegations, defendants provide the affidavits of four SDCC nurses who attest the following:

5   that on the dates in question, they each issued brand-new, single-use syringes from blister packs of ten

6   syringes to the insulin-dependent, diabetic inmates; that the syringes were and are then collected and

7   disposed of properly; and that they were unaware at the time that some syringes issued were beyond their

8   use date.  Defendants include the affidavit of SDCC Director of Nursing Services Cheryl Dressler, which

9   states that she purchased syringes from a supplier in late June; that she was unaware that some syringes

10  were beyond their use date; that she was informed on or about July 1, 2010 that some syringes were

11  beyond the use date; that she immediately instructed SDCC staff to cease distributing such syringes and

12  that presently no syringes that are beyond their use date are being issued or used at SDCC.  Finally,

13  defendants include the affidavit of NDOC Medical Director R. Bruce Bannister, in which he states that

14  in his professional medical opinion, there is no chance that a serious blood-borne illness would be

15  transmitted by an unopened, expired syringe.

16         The court may issue temporary restraining orders and other injunctive relief pursuant to

17  Rule 65 of the Federal Rules of Civil Procedure.  A party seeking a preliminary injunction must fulfill

18  one of two standards, described in the Ninth Circuit as "traditional" and "alternative."  *Cassim v. Bowen*,

19  824 F.2d 791, 795 (9th Cir. 1987).  Under the traditional standard, a court may issue preliminary relief

20  if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving

21  party will probably prevail on the merits; (3) the balance of hardships favors the moving party; and (4)

22  the public interest favors granting relief.  Under the alternative standard, the moving party may meet its

23  burden by demonstrating either (1) a combination of probable success on the merits and the possibility

24  of irreparable injury or (2) that serious questions exist and the balance of hardships tips sharply in its

25  favor.  *Cassim*, 824 F.2d at 795.

26         Defendants have provided the affidavits of SDCC medical personnel that demonstrate

1   that only new syringes are issued to the insulin-dependent diabetic inmates, that the syringes are

2   collected and properly disposed of and that no syringes have or are being re-used at SDCC.  Accordingly,

3   the court finds that there is no risk of irreparable harm to inmates from exposure to re-used syringes, and

4   no basis exists for granting preliminary injunctive relief.

5            This action has been consolidated with three other actions that set forth similar

6   allegations:  *Frixione v. Skolnik, et al.*, 2:10-cv-01235-PMP-LRL; *Jones v. Skolnik, et al.*, 2:10-cv-

7   01214-PMP-LRL; *Rea v. Skolnik, et al.*, 2:10-cv-01217-PMP-LRL.  For good cause shown, normal

8   procedures pursuant to 28 U.S.C. § 1915(e)(2) will resume in all four consolidated actions.

9            **IT IS THEREFORE ORDERED** that the telephonic hearing on this matter set for

10  Friday, August 6, 2010 at 8:30 a.m. is **VACATED.**

11           **IT IS FURTHER ORDERED** that the Clerk of Court **shall file** a copy of this order in

12  each of these actions:

13  FRIXIONE V. SKOLNIK, ET AL., 2:10-cv-01235-PMP-RJJ;

14  JONES V. SKOLNIK, ET AL., 2:10-cv-01214-RLH-LRL;

15  REA V. SKOLNIK, ET AL., 2:10-cv-01217-PMP-PAL.

16

17

18           DATED this __ 5th day of August, 2010.

19

20           _____
             UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

3